Bonnefoy and others v. Landry and another, Executors.

MARIE ANNE LOUISE BONNEFOY and others *v.* VALERY LANDRY and another, Executors.

Article 337 of the Code of Practice, which provides that the defendant may refuse to have his case tried by the judge before whom he has been sued, on account of the relationship existing between the judge and the plaintiff, was intended for the benefit and protection of the defendant ; and where the latter waives his right of recusation, the party in whose favor a bias was supposed to exist, will not be permitted to exercise it.

It will not be presumed that a member of the bar would commence any suit without authority ; nor will the production of his powers be required, unless on a suggestion supported by affidavit, that he acted without authority. The affidavit should state facts or circumstances rendering it probable that the action was unauthorized. It will not be enough to swear to a mere impression or belief.

APPEAL from the Court of Probates of Ascension, *Duffel,* J.

*Connely* and *M. Taylor,* for the appellants.

*Ilsley,* for the defendants.

MORPHY, J. This is an action brought by the heirs and legatees of the late Antoine Peytavin, most of whom reside in France, to compel his testamentary executors to render an account of their administration, and to pay to the petitioners the amount of their respective legacies. The petition sets forth in substance, that the late Antoine Peytavin died in February, 1835, that in December of that year, a sale of the effects of the succession took place, the price of the moveables payable in March, 1836, and of the slaves in three equal instalments falling due on the 15th of January of the years 1837, 1838, and 1839 ; that in May, 1837, the executors rendered a provisional account, showing that the

proceeds of the sale, together with the crop of that year and the credits due the estate, amounted to $104,608 68, besides an unsold tract of land; that the debts of the succession, of every kind, amounted to $69,512 16, leaving a clear balance in favor of the succession of $35,196 52, all of which ought to have been on hand on the 15th of January, 1839; and that for the last five years, the defendants have neglected to render any further account of their administration, or to pay over the proceeds of the succession, although often requested so to do.

The defendants pleaded to the jurisdiction of the court on the ground that the Probate Judge of Ascension was the brother-in-law of Valery Landry, one of the executors, and prayed that the trial of the case might be referred to the District Court to be held in that parish, to be tried at its regular session. This exception having been overruled, the executors pleaded in abatement to the action, on account of the want of authority in the attorney who instituted it. The inferior judge sustained this plea, and ruled the attorney to produce his authority; to which opinion of the court the latter excepted. On the trial the attorney having proved an authorization only from Mathilde Conway, one of the legatees residing in Louisiana, the suit was dismissed, the court being of opinion that the executors could not be compelled to render an account, and pay over the sum they might be found to owe, until all the legatees shall have joined in the action. The plaintiffs appealed.

The judge, in our opinion, correctly overruled the plea to his jurisdiction, set up by the defendants on the ground of his affinity to one of them. "Recusation," says article 337 of the Code of Practice, "is the refusal on the part of the defendant, to have his cause tried by the judge before whom he has been sued, on account of the ties of relationship, existing between such judge and the plaintiff, or for other just causes hereafter expressed." This law is founded on the presumption of a bias or partiality in the judge towards his relations; but if the adverse party, for whose benefit and protection it was enacted chooses to waive the right it gives him, the relative in whose favor such bias or partiality is supposed to exist, will not be permitted to recuse the judge. So, although a witness is declared by law to be incompetent on the

score of interest, he cannot be objected to when he testifies against his own interest. *Cessante ratione legis, cessat et ipsa lex.* The judge himself might perhaps have refused to sit; but as he did not do so, the objection when urged by the defendants might well be viewed as made only for the purpose of delay.

As to the plea in abatement, we are of opinion that the attorney should not have been ruled to exhibit his authority, on an affidavit such as that made by the defendants. We have said that we will not presume that any gentleman of the profession would commence a suit unless duly empowered to do so, and that we will not require him to produce the power under which he acts, unless on a suggestion supported by affidavit, that such power was wanting. 9 Mart. 88. 10 Ib. 638. The defendants in this case made oath that they are under the impression, and verily believe, that the attorney who brought the present suit acted through error, and without sufficient authority. One of them states that his impression and belief arise from an examination of the facts set forth in their plea in abatement; but he swears to none of those facts, which, even if taken as true, do not necessarily lead to the conclusion that this suit was brought without authority. Affidavits such as the one made by the defendants could be resorted to without danger on every occasion, and would create serious delay and inconvenience, especially when the parties are living at a distant place. The affidavit should, in our opinion, state facts or circumstances sufficient to render it probable that the action is unauthorized, and thus destroy the contrary presumption. In many cases it might be impossible to prove a verbal or written authorization without taking out a commission. If it were sufficient merely to swear to an impression or belief, the existence of which in the mind of the party could never be disproved, the presumption in favor of the authority of attorneys at law would be entirely done away with, as such an affidavit might be made by every party whose object was delay.

It is, therefore, ordered that the judgment of the Court of Probates be reversed, the plea in abatement overruled, and this case remanded for further proceedings; the costs of this appeal to be borne by the appellees.