Wyly, J.
On the seventeenth May, 1866, Mrs. Josephine Lacoste sued out an order of seizure and sale on the mortgage note of the plaintiff for $3000, which was subsequently changed to a proceeding via ordi *74 noria. On the twenty-second June, 1866, judgment was rendered for the amount of the note with recognition of the mortgage and with stay of execution until the first November, 1866, on the confession of judgment signed by P. S. Nugent, the father of plaintiff, as her attorney in fact, and also on the written consent signed by Prank Haynes attorney for defendants.
After the stay of execution had elapsed and the further delay caused by an injunction, which was dissolved, the mortgaged property was sold to the defendant who had previously become the owner of the judgment and regularly subrogated to the rights of the plaintiff therein.
The plaintiff now sues to annul the judgment, set aside the sale thereunder and to recover the property, on the ground that said judgment and sale are “ absolutely null and void for the following causes specially
First — That the petitioner was at the time as now, a married woman, residing in the State of California; that she had no legal representative in Louisiana and “no one legally authorized to represent her in court or bind her in the course of any litigation, compromise or c.onsent ;n that she was not cited; “that she has never been authorized or assisted in said suit or any of the aforesaid proceedings by her said husband nor by ol der of court.”
Second — That the advertisement under which the property was sold was materially erroneous in that it described lot No. 1, as having a front of thirty-four feet two inches, instead of forty-four feet two inches, by means whereof, or otherwise, the appraisers were misled into appraising the property at not half its value.
The court gave judgment for plaintiff and the defendant appealed.
The marriage of the plaintiff previous to the suit, vacated the authority conferred in the contract of mandate executed before marriage to her father P. S. Nugent, empowering him to represent her in all suits in this State. P. S. Nugent had, therefore, no authority to confess judgment as attorney in fact for the plaintiff. But the judgment complained of was rendered also on the written consent of Prank Haynes, attorney for defendants. His authority to consent to the judgment on the mortgage note with a stay of execution until the following November, has not been denied under oath by the plaintiff, and until thus deniedthe defendant was not required to prove it. “He, the attorney, was a sworn officer, bound by his oath as well as by the principles of integrity and honor which ought to characterize the profession of which he was a member, to act correctly in its pursuits. Thus situated, it is not to be presumed, that he acted in the present case without proper authority. On the contrary, every presumption is in favor of his having pursued a proper course of conduct, unless the contrary should *75 be suggested by the opposite party on affidavit. It is true that an attorney of court may be deceived by the conduct of others, so as to undertake to represent a person, from whom there is no authority to that effect, and on a suggestion of an error- of this kind upon affidavit, it would become the duty of the court to ascertain the truth.” Hays v. Cuny, 9 M. 88. And this has been the uniform doctrine of this court since that decision; 10 M. 639: 8 N. S. 233; 4 Rob. 23; 12 Rob. 95; 1 J.*. 398; 3 An. 558 ; 5 An. 118 ; 10 An. 67 ; 24 An. 233.
That an attorney at law who consents to a judgment, as was done by Haynes in this case, is presumed to have authority to do so, was expressly decided in the case of Dangerfield v. Thurston’s heirs, 8 N. S. 235, and nothing to the contrary has ever been held by this court. If the plaintiff desired this court to notice the suggestion that the attorney at law who consented to the judgment now complained of, in her behalf, had no authority to do so from herself and her husband, she should have alleged the fact under oath, which has not been done.
In regard to the error in the advertisement in regard to the exact number of feet the property fronted on the street, we will remark that it is an irregularity which ought not to vitiate the sale. The proceedings appear to be regular.
It is therefore ordered that the judgment herein in favor of plaintiff be annulled and it is now decreed that there be judgment for the defendant rejecting this demand at plaintiff’s costs in both courts.
Rehearing refused.